IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ORLANDO HARVEY, #B28569,**  )<br>  )<br>  **Plaintiff,**  )<br>  )<br>   vs.  )<br>  )<br> **PERCY MYERS,**  )<br> **JEFFREY DENNISON,**  )<br> **ROB JEFFREYS, and**  )<br> **WEXFORD HEALTH SOURCES, INC.,**  )<br>  )<br>  **Defendants.**  ) | Case No. 3:21-cv-00803-SMY |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Orlando Harvey, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff injured his right knee jumping down from the top bunk in his cell on June 9, 2020. His knee popped out of place and migrated to the left side of his leg. After complaining about excruciating pain for hours, Plaintiff was taken to the healthcare unit where he was given crutches, an ACE wrap, a permit for ice, and moved to a different cell where a lower bunk was available.

Over the next three days, Plaintiff's knee popped out of place five times. On June 12, 2020, he saw Dr. Myers, who prescribed Tylenol and ordered x-rays. The x-rays were taken on June 16,

2020. Plaintiff saw Dr. Myers again on June 23, 2020 because he was in extreme pain and his knee was swollen. Dr. Myers sent Plaintiff to a hospital where an ultrasound of Plaintiff's knee was performed. The hospital physician advised Dr. Myers that Plaintiff needed an MRI to determine the cause of his knee injury. Later, when Plaintiff spoke with Dr. Myers, he denied that the hospital physician had made the recommendation for an MRI.

Plaintiff slipped and fell on June 26, 2020 causing his knee to pop out of place again. Dr. Myers placed a medical referral for Plaintiff to receive an MRI in July 2020, but Wexford Health Sources denied the referral and suggested six weeks of physical therapy. The denial was the result of Wexford's policy of cost cutting measures to increase profits. Additionally, the inadequate medical care Plaintiff received from Dr. Myers was a result of Wexford's policy of hiring underqualified and/or unqualified medical staff.

After Plaintiff suffered through six weeks of excruciatingly painful physical therapy, an MRI was finally approved. The MRI showed torn ligaments and Plaintiff had knee surgery on January 25, 2021.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment claim against Percy Myers for exhibiting deliberate indifference to Plaintiff's serious medical needs related to his knee injury by denying and/or delaying proper medical care, disregarding the hospital physician's recommendation for an MRI, and requiring Plaintiff to undergo physical therapy before an MRI was conducted.
>
> Count 2: Eighth Amendment claim against Wexford Health Sources Inc. for exhibiting deliberate indifference to Plaintiff's serious medical needs related to his knee injury based on its policies of cost cutting measures to increase profits and hiring underqualified and/or unqualified medical staff which resulted in a denial and/or delay of proper medical care for Plaintiff's knee injury.

>  Count 3:   Eighth Amendment claim against Dennison and Jeffreys for unconstitutional conditions of confinement due to the absence of a ladder, steps, or some other device to safely climb in and out of the top bunks at Pinckneyville.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Counts 1 and 2

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs.  *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs.  *Id.*  Plaintiff's allegations are sufficient to state a viable deliberate indifference claim in Count 1 against Dr. Myers.   Plaintiff also states a viable claim in Count 2 against Wexford; that medical care was denied and/or delayed as a result of Wexford's policies and practices.  *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

### Count 3

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment.  *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  Two elements are required to establish a constitutional violation.  First, an objective element requires a showing that the conditions deny the inmate "the

minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second element requires establishing a defendant's culpable state of mind; that is, deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842. Bunk beds that have no ladder or steps do not pose a serious risk of harm to inmates. is not substantial. *See Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 691-92 (7th Cir. 2013) (collecting cases) ("absence of ladders is a common feature of prison bunk beds"); *Richard v. Illinois Dep't of Corr.*, No. 16-CV-00069-NJR, 2016 WL 2941210, at *5 (S.D. Ill. May 20, 2016) (collecting cases). Accordingly, Count 3, including Plaintiff's claim for injunctive relief,[1] will be dismissed without prejudice.

## Disposition

Count 1 will proceed against Percy Myers and Count 2 will proceed against Wexford Health Sources Incorporated. Count 3, Jeffrey Dennison, Rob Jeffreys, and the claim for injunctive relief are dismissed without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** Dennison and Jeffreys as defendants.

The Clerk shall prepare for Percy Myers and Wexford Health Sources Incorporated: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full

---

[1] In his request for relief, Plaintiff seeks "a preliminary and permanent injunction ordering Defendants to install some sort of device to allow individuals to safely climb in and out of top bunks." (Doc. 1, p. 16). Plaintiff named Dennison and Jeffreys for purposes of his claim for injunctive relief. (*Id.*, p. 15).

costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: July 20, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.